UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ALBERT L. JACOBS, JR.,
                                                    :
                         Plaintiff,
                                                    :           15cv10100
               -against-
                                                    :           OPINION & ORDER
TANNENBAUM HELPERN SYRACUSE   :
& HIRSCHRITT,
                                                    :
                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Albert L. Jacobs, Jr. brings this employment discrimination action

against the law firm of Tannenbaum Helpern Syracuse & Hirschritt LLP (the "Firm"). Jacobs

was employed as a contract partner from August 2011 to October 2014. He alleges

discrimination on the basis of and religion under Title VII and the Age Discrimination in

Employment Act ("ADEA") during his time at the Firm. The Firm moves to dismiss for failure

to state a claim. For the following reasons, the Firm's motion is granted and the complaint is

dismissed.

                                      BACKGROUND

        In August 2011, Jacobs and a few lawyers with whom he practiced joined the

Firm as "Non-Equity" partners. (Amended Complaint ("Compl.") Compl., Ex. A.) Jacobs was

72 years old at the time. Three years later, Jacobs resigned from the Firm. (Compl. ¶ 9.) During

his employment, Jacobs alleges that he was treated in a discriminatory fashion due to his religion

(Episcopalian) and age.

Jacobs' employment agreement with the Firm established him and his colleagues as a firm-within-the-firm, designated as the "Jacobs Group." (Compl., Ex. A ¶ 2.) Under his contract, the Firm would pay Jacobs 50% of the net revenue generated by the Jacobs Group each quarter. The Jacobs Group was responsible for direct expenses (such as attorney salaries, cell phone charges, and insurance), plus an additional 30% of those expenses as an add-on marked as Overhead." (See Compl., Ex. A ¶¶ 3–4.) The agreement also provided Jacobs with an expense account of $37,500 per quarter, although his use of this account was included as a direct expense that reduced his quarterly draw. (See Compl. ¶ 5.) Over the course of Jacobs' employment at the Firm, the parties amended the agreement several times as the Jacobs Group's Overhead payments became overdue. (See Compl. ¶6.)

Construing the Complaint liberally, Jacobs appears to identify five instances of unfair treatment by the Firm. First, he claims that the list of "Direct Expenses" in his contract "shows [the Firm] was not paying for anything . . . I do not believe any other attorney in [the Firm] had such an arrangement." (Compl. ¶ 6.) Next, he identifies two separate occasions when the Firm's management refused to give him full origination credit for new clients. (See Compl. ¶¶ 7–8.) Jacobs alleges that these actions were "certainly age discrimination and perhaps religious discrimination too," because the Firm "is Jewish and I am Episcopalian." (Compl. ¶ 8.) Fourth, Jacobs claims that the Firm "requir[ed]" him to provide a $500,000 loan, which it later kept "to cover excessive overhead." (Compl. ¶ 9.) Finally, the Complaint alleges that Jacobs was singled out for mistreatment when he resigned. According to Jacobs, the Firm billed him for

file storage before his resignation became effective, cut off his email two days early, and refused to pay him for fees generated by a Jacobs Group client.[1]

LEGAL STANDARD

To defeat a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010). These factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requires the plaintiff to offer "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 545.

Submissions by pro se litigants are subject to "less stringent standards than [those] drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Courts should "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007). "These liberal pleading rules apply with particular stringency to complaints of civil rights violations." Phillip v. Univ. of Rochester, 316 F.3d 291, 293–94 (2d Cir. 2003). However, courts still need not accept mere "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal citations omitted).

---

[1] A number of Jacobs' allegations sound in fraud or breach of contract rather than discrimination. Jacobs acknowledges this in the Complaint but claims that he did not bring a contract suit because "[a]t 73 years of age my chance of suing and ultimately seeing the money before I died was slim." (Compl. ¶ 5.)

<u>DISCUSSION</u>

I.      **Religious Discrimination**

A plaintiff asserting a Title VII discrimination claim must allege "two elements: (1) the employer discriminated against him (2) because of his race, color religion, sex, or national origin." <u>Vega v. Hempstead Union Free. Sch. Dist.</u>, 801 F.3d 72, 85 (2d Cir. 2015). The first prong requires the plaintiff to show an adverse employment action, which includes any "materially adverse change in the terms and conditions of employment." <u>Galabya v. N.Y.C. Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000). To satisfy the second element, the plaintiff must allege that the adverse employment action was a "substantial or motivating factor contributing to the employer's decision to take the action." <u>Vega</u>, 801 F.3d at 85.

The discriminatory conduct alleged by Jacobs—<u>e.g.</u> the Firm's refusal to give him origination credit he otherwise deserved—meets the first prong of the Title VII analysis. <u>See</u> <u>Terry v. Ashcroft</u>, 336 F.3d 128, 128 (2d Cir. 2003) ("Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation."). However, Jacobs pleads no facts suggesting that his religion was a motivating factor behind any of the Firm's actions. The extent of his religious-discrimination allegations are as follows:

> On information and belief, I believe that was because I was not Jewish and [the Firm's managing partner took the origination even though I had to convince [the client] to use me and I personally did all the work. . . . In addition to age discrimination the firm is Jewish and I am Episcopalian. So there may be religious

4

> discrimination involved here too.  He refused to give me origination credit.  On information and belief it was certainly age discrimination and perhaps religious discrimination too. . . . In addition to age discrimination the firm is Jewish and I am Episcopalian.  (Compl. ¶¶ 7–8.)

These allegations are plainly (at times literally) speculative.  Jacobs' pleading does not even rise to the level of a "formulaic recitation of the elements" of a Title VII claim.  Twombly, 550 U.S. at 545.  Merely attaching the phrase "on information and belief" and pointing out that he is Episcopalian is insufficient to "nudge[] the[] claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  Accordingly, the Title VII claims are dismissed.

## II.   **Age Discrimination**

"Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor."  Gross v. FBL Financial Servs., Inc., 557 U.S. 167, 174 (2009).  Instead, an ADEA plaintiff "must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."  Gross, 557 U.S. 177–78.

Here, not only does the Complaint fail to allege that Jacobs' age was the "but-for" cause of the Firm's alleged discriminatory actions, but it also suggests alternative non-discriminatory reasons.  In the midst of discussing the unfair allocation of fees between Jacobs and the Firm, the Complaint notes that "[a]ttorneys with the firm longer were given preference over newer attorneys of which [Jacobs] was one."  (Compl. ¶ 8.)  Thus it is possible that the Firm's treatment of Jacobs was a result of his lack of tenure rather than his advanced age.  In sum, Jacobs' age-discrimination allegations are entirely conclusory and are not supported by any

factual substantiation.[2]  See Ndremizara v. Swiss RE Am. Holding Corp., 93 F. Supp. 3d 301,

316 (S.D.N.Y. 2015) ("Plaintiff merely asserts that he discovered that many entry level

candidates selected or hired by [Defendant] were younger and less qualified than [him], but this

assertion is entirely conclusory, naked, and devoid of further factual enhancement." (internal

citations omitted)).

CONCLUSION

For the foregoing reasons, Defendant Tannenbaum Helpern Syracuse & Hirschritt

LLP's motion is granted and the Amended Complaint is dismissed. The Clerk of Court is

directed to terminate all pending motions and mark this case as closed.  The Clerk of Court is

further directed to mail a copy of this Order to the Plaintiff and note service on the docket.


Dated: January 30, 2017
       New York, New York                          SO ORDERED:


                                                   _____
                                                   WILLIAM H. PAULEY III
                                                   U.S.D.J.

---

[2] Jacobs claims in his opposition that "all the evidence of Age and Religious Discrimination lie[s] within Defendant's Possession, Custody & Control" and that "Defendant's failure to produce any such documents [rebutting his allegations] substantiates Plaintiff's allegations 'on information and belief.'"  (Response to Defendant's Motion to Dismiss My Amended Complaint For Employment Discrimination, ECF No. 35, at 1–2.) This argument misconstrues the procedural posture of the case.  The mere filing of a complaint does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678–79.  "A plaintiff who has failed adequately to state a claim is not entitled to discovery."  Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542, 567 (2d Cir. 2016).